UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA ANN WILLYARD,

    Plaintiff,

v.                                CASE NO. 8:19-cv-2537-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

    The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

    The plaintiff, who was sixty-one years old at the time of the administrative decision and who has a high school education, has past relevant work as a bookkeeper and administrative assistant (Tr. 18, 221). She filed a claim for Social Security disability benefits, alleging that she

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

became disabled on April 23, 2016, due to fibromyalgia, rheumatoid arthritis, hepatitis C and a heart problem (Tr. 220). The plaintiff's claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the knees, fibromyalgia, rheumatoid arthritis (RA) and hypertension" (Tr. 12). The law judge found further (Tr. 13):

> The claimant's medically determinable mental impairments of panic disorder with agoraphobia, generalized anxiety disorder, major depressive disorder, cognitive disorder, and poly-substance abuse, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe.

He determined that the plaintiff (Tr. 14):

> has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except with no climbing of ladders, ropes or scaffolds, no more than occasional climbing ramps stairs, crawling, crouching, kneeling, and stooping, and no more than frequent balancing. The claimant must avoid concentrated exposure to extreme cold.

2

The law judge ruled, based on the testimony of a vocational expert, that notwithstanding these limitations the plaintiff "is capable of performing past relevant work as a bookkeeper and administrative assistant" (Tr. 18). Consequently, the law judge concluded that the plaintiff was not disabled from April 23, 2016, through the date of the decision on December 19, 2018 (Tr. 18, 19).

The plaintiff sought review of that decision from the Appeals Council. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). A claimant will be found not

3

disabled, however, if she can perform past relevant work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

4

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied, and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

    B.    The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a medically determinable impairment and its severity. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1522(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c). When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning

5

whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g).

III.

The plaintiff asserts two challenges to the law judge's decision (Doc. 17). She argues that the law judge's "failure to include mental health limitations in [her] RFC is not supported by substantial evidence" and that the law judge's "treatment of the opinion of the treating nurse practitioner violates social security policy" (id., pp. 17, 21) (emphasis omitted). Neither argument has merit.

A. The law judge found that the plaintiff's "medically determinable mental impairments of panic disorder with agoraphobia, generalized anxiety disorder, major depressive disorder, cognitive disorder, and poly-substance abuse" cause no more than mild limitation in any of the four broad functional areas and, therefore, are nonsevere (Tr. 13).

In determining whether a mental impairment is severe at the second step of the sequential analysis the decision-maker considers four broad areas of mental functioning: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20

6

C.F.R. 404.1520a(c)(3). In this case the law judge made the following findings with respect to the four broad areas of mental functioning (Tr. 13):

> The first functional area is understanding, remembering, or applying information. In this area, the claimant has no limitation. The claimant alleges poor memory. There is no evidence of any limitation in this area in the medical record. The claimant consistently has negative mental status examinations. She was able to follow the hearing and testify appropriately. There is no evidence of a cognitive impairment. The evidence does not show any limitation in this functional area.
>
> The next functional area is interacting with others. In this area, the claimant has a mild limitation. There are some reports that the claimant is anxious. However, she generally arrives at examinations alone, drives, and was engaged at one point. There is no evidence of any panic attack or difficulty interacting socially in the record. There is no evidence of agoraphobia. Therefore, the evidence establishes that the claimant has no more than mild restriction in this area.
>
> The third functional area is concentrating, persisting, or maintaining pace. In this area, the claimant has a mild limitation. There is no evidence of any limitation in this area in the medical record. The claimant consistently has negative mental status examinations. She was able to follow the hearing and testify appropriately. There is no evidence of a cognitive impairment. While she testified that she has difficulty reading, she has told treating sources that she spends her time watching TV and reading, and has not reported poor concentration. The evidence

7

does not show any limitation in this functional area.

The fourth functional area is adapting or managing oneself. In this area, the claimant has no limitation. The claimant admits to independence in activities of daily living. She performs household chores and cares for her pets. There is no evidence in the medical record of any deficit or limitation in this area.

The regulations provide that when the four degrees of limitation are rated as "none" or "mild," the decision-maker will generally conclude that the impairment is not severe. 20 C.F.R. 404.1520a(d)(1); Cuthbert v. Astrue, 303 Fed. Appx. 697, 699 (11th Cir. 2008). Since the law judge found that the plaintiff had no limitations in two of the areas, and only mild limitations in the other two, he determined, in accord with the regulations, that the plaintiff's mental limitations were not severe.

Significantly, the plaintiff does not challenge any of the law judge's findings regarding the four broad areas of mental functioning. In fact, she does not even mention them in her argument. Consequently, she has provided no basis for holding that the law judge erred in his assessment of those critical factors in deciding whether a mental impairment is severe.

In order to show that the law judge erred in not including a mental functional limitation in the residual functional limitation, the plaintiff

8

must demonstrate that she had at least a moderate limitation in one of the four areas of mental functioning. See, e.g., Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1181 (11th Cir. 2011). And she would have to point to evidence that compels such a finding. Adefemi v. Ashcroft, supra. The plaintiff, however, in her argument has not even suggested that she had a moderate functional limitation (or more) in one of the four areas of mental functioning. Thus, she certainly has not made the showing required to demonstrate that the evidence compelled the law judge to include a mental limitation in the residual functional capacity.

Instead, the plaintiff simply contends (Doc. 17, p. 19):

> The great bulk of the evidence from [the mental health providers], including the mental status examination notes, showed constricted and anxious affect and distractable thought process; pressured and tangential speech, psychomotor agitation constantly noted, fidgety; attention/concentration fair one-to-one, but highly distractable, requiring constant redirection; mood with severe anxiety; and thought process; tangential, highly distractable, requiring constant redirection. Her insight was poor, and judgment fair (R 920, 949, 957, 968, 999 1016).

This argument falls short because a claimant cannot prove disability simply by reference to symptoms. It is a well-established principle that "a diagnosis or a mere showing of 'a deviation from purely medical

9

standards of bodily perfection or normality' is insufficient; instead, the [plaintiff] must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Similarly, the physician needs to translate how abnormal clinical findings affect functioning. Longworth v. Commissioner of Social Security Administration, 402 F.3d 591, 596 (6th Cir. 2005). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1214 n.6 (11th Cir. 2005); cf. Osborn v. Barnhart, 194 Fed. Appx. 654, 668 (11th Cir. 2006) (discounting physician's "medical records [that] reveal only diagnoses, not reasoned and medically-supported opinions detailing [the plaintiff's] work limitations or limited functions"). Accordingly, symptoms are not significant unless they indicate functional limitations. 20 C.F.R. 404.1529(a) ("statements about ... pain or other symptoms will not alone establish that [a claimant is] disabled"). In other words, a mere reference to diagnoses or symptoms will not establish functional limitations that are the key to a finding of disability.

None of the plaintiff's mental health care providers (or any other provider) have opined that the plaintiff has any mental functional

10

limitation. On the other hand, the law judge noted that two state agency psychologists concluded the plaintiff's mental health impairments were non-severe (Tr. 17; see Tr. 85, 99–101). Moreover, the law judge gave those opinions "great weight, as there is no objective medical evidence of a severe mental impairment" (Tr. 18). Under these circumstances, the plaintiff's contention that the law judge's "failure to include mental health limitations in Ms. Wellyard's RFC is not supported by substantial evidence" (Tr. 17) is unavailing.

      B.    The plaintiff's second contention is that the law judge's "treatment of the opinions of the treating nurse practitioner violates Social Security policy" (Doc. 17, p. 21). This contention relates to a form filled out by Melissa Howes, ARNP. On the form Howes indicated, among other things, that the plaintiff could sit for only two hours in an eight-hour day; would need a ten-minute break every hour; and would miss work three or four times per month (Tr. 377–78).

      These limitations essentially opined that the plaintiff was disabled. The only apparent justification for these extreme limitations was a diagnosis of rheumatoid arthritis (Tr. 377).

11

The law judge considered this opinion but discounted it. Thus, the law judge stated (Tr. 17):

> The file contains the opinion of ARNP Melissa Howes at LoCicero Medical Group. Nurse Howes suggested that the claimant could not perform even sedentary work on a full-time, competitive basis due to symptoms of rheumatoid arthritis. She opined that the claimant required a 10-minute break every hour and would be absent three to four days per month. She suggested that the claimant would have frequent interference with concentration, persistence, and pace due to symptoms of her impairments (Exhibit 3F). While she had frequent, face-to-face contact with the claimant, Nurse Howes is not an acceptable medical source and her opinion is not consistent with the evidence of record. The evidence establishes no limitations in gait or ambulation due to knee problems. She consistently has no tenderness or swelling. She has a full range of motion and full strength. She has some complaints of fatigue, but she was responsive to medication and there is no evidence of an inability to sustain work activity in the record. As such, it is given little weight.

The law judge's conclusion is reasonable and supported by substantial evidence. As the law judge pointed out, Howes, as an ARNP, is not an acceptable source under the governing regulations. Moreover, contrary to the plaintiff's suggestion, that was not the only basis for discounting the opinion. Rather, the law judge also said that the "opinion is

12

not consistent with the evidence of record," and provided an explanation for that opinion (see Tr. 17).

Moreover, as the Commissioner points out, the opinion is conclusory and without justification. That is a further basis for giving little weight to the opinion. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1159 (11th Cir. 2004).

Significantly, the law judge only rejected the plaintiff's claim of total disability. He accepted that the plaintiff's rheumatoid arthritis was a severe impairment, as were other physical conditions (Tr. 12). As a result, he imposed strong limitations, such as sedentary work and only occasional postural activities. Thus, while the law judge rejected Howes's extreme limitations, he acknowledged that the plaintiff had substantial physical functional limitations.

For these reasons, the challenge to the law judge's treatment of Howes's opinion is meritless.

It is, therefore, upon consideration,

**ORDERED:**

13

That the decision of the Commissioner is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 2nd day of December, 2020.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE